WISCONSIN GAS & ELECTRIC COMPANY, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*September 19—October 14, 1930.*

The cause was submitted for the appellant on the brief of *Shaw, Muskat & Sullivan* of Milwaukee, and for the respondent Industrial Commission on that of the *Attorney General* and *Mortimer Levitan* and *F. C. Seibold,* assistant attorneys general.

ROSENBERRY, C. J. The findings of fact made by the commission are not drawn in question, and upon the appeal two questions of law are raised: (1st) that under the law dependency must be shown before the Industrial Commission has jurisdiction to award burial expenses under the statute; and (2d) that before the commission can make an

award to the state of Wisconsin pursuant to sec. 102.09 (4m) (f), present dependency must be established.

These propositions are predicated largely upon the case of *Wisconsin Mut. L. Co. v. Industrial Comm.* 184 Wis. 203, 199 N. W. 221, decided June 3, 1924.

Sec. 2394—9 (4) (d), Stats. 1921, is as follows:

"Where death proximately results from the accident the death benefit shall include reasonable expense for burial, not exceeding one hundred dollars."

Subsequent to the beginning of that action the amount was increased to $200 by ch. 328 of the Laws of 1923. The section was again amended by ch. 171 of the Laws of 1925, designated as sec. 102.09 (4n) (a):

"In all cases where death proximately results from the accident the employer or insurer shall pay the reasonable expense for burial, not exceeding two hundred dollars."

In the case of *Wisconsin Mut. L. Co. v. Industrial Comm., supra,* it was held that under the statute as it then stood, funeral expenses were a part of the death benefits; that no death benefit was provided by the statute except in cases of dependency, and for that reason no award could be made for burial expenses where dependency was not shown. It is quite apparent that the amendment made by ch. 171 of the Laws of 1925 was made expressly for the purpose of requiring the employer to pay the funeral expenses "in all cases," that being an expense which must be incurred in death cases whether there is dependency or not. We have no difficulty in finding that such was the legislative intent. It is considered, therefore, that the award of burial expenses made by the commission was proper.

The case of *Wisconsin Mut. L. Co. v. Industrial Comm., supra,* arose under the Statutes of 1919 (the date of the accident being October 9, 1920). The provision of the law requiring payment of any part of the award to the state was

introduced by ch. 328, sec. 2 (f) of the Laws of 1923, which provides:

"In each case of injury resulting in death, leaving no person wholly dependent for support, the employer or insurer shall pay into the state treasury such an amount, when added to the sums paid or to be paid on account of partial dependency, as shall equal four times the deceased employee's average annual earnings, such payment to the state treasury in no event to exceed one thousand dollars."

By ch. 384 of the Laws of 1925 this provision was further amended by adding the following words:

"The payment into the state treasury so provided shall be made in all such cases regardless of whether the dependents or personal representatives of the deceased employee commence action against a third party as provided in subsection (2) of section 102.29."

After the facts in this case arose the law was further amended by ch. 453 of the Laws of 1929. While the last amendment does not apply, it is argued that it is a further indication of the legislative intent to confine payment to the state to cases where there is a partial dependency. For the provision as it existed after the amendment in 1925, "as shall equal four times the deceased employee's average annual earnings, such payment to the state treasury in no event to exceed one thousand dollars" (amount increased in 1927 to $1,600), the following provision was made by ch. 453 of the Laws of 1929: "as shall equal the death benefit payable to a person or persons wholly dependent, such payment to the state treasury in no event to exceed sixteen hundred dollars."

The question raised requires us to determine what the legislature sought to achieve by the enactment of this section as amended. The purposes of this provision are quite fully set out in *B. F. Sturtevant Co. v. Industrial Comm.* 186 Wis. 10, 202 N. W. 324. While language is used in

*Zurich Gen. Acc. & L. Co. v. Industrial Comm.* 196 Wis. 159, 216 N. W. 137, 220 N. W. 377, where the court had under consideration other provisions of the statute, from which language it may be argued, giving it a broad interpretation, that dependency must be shown in all cases, it is apparent that the court did not have under consideration and made no determination with reference to the effect of ch. 328 of the Laws of 1923, now sec. 102.09 (4m) (f). The question under consideration in those cases was whether or not dependency was established as a fact, and what was said must be limited to the matters there under consideration. The evident legislative purpose was to require the employer to pay certain sums into the state treasury in the cases of the death of employees leaving no one wholly dependent upon them. The language used in the original act and in the various amendments sets up standards by which that amount is to be ascertained. If under the act those partially dependent are entitled to the full amount prescribed by the statute, the state receives nothing; if they are entitled to a part of the amount prescribed by the statute, they receive that part and the state the remainder; when there are no dependents, the state under the statute receives the entire amount subject to the limitations prescribed. There is a greater justification for the provision requiring payment to the state in the event the deceased employee leaves no dependents than in cases where he leaves persons partially dependent upon him. To hold that partial dependence must be established as a prerequisite to the payment of any amount to the state would defeat the very evident purpose of the statute. It is considered, therefore, that the award of the Industrial Commission was proper.

*By the Court.*—Judgment affirmed.